IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| REGINALD LOWE, | : | |
| | : | |
| Movant, | : | |
| v. | : | Case No. 5:22-cr-6-TES-CHW-3 |
| | : | |
| UNITED STATES OF AMERICA, | : | Proceedings Under 28 U.S.C. § 2255 |
| | : | Before the U.S. Magistrate Judge |
| Respondent. | : | |
| | : | |

## ORDER

This Court entered judgment against Reginald Lowe in December 2022. (Doc. 299). Lowe's conviction was later affirmed on appeal to the Eleventh Circuit Court of Appeals. (Docs. 307, 413, 418). Lowe has now filed a document labeled as a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 or alternatively to reduce his sentence. (Doc. 427). In substance, however, the motion appears to request relief under 18 U.S.C. § 3582(c)(2), pursuant to the recent sentencing guidelines amendment (Amendment 821), for which a § 2255 motion would not be required.

The usual practice when a § 2255 motion is filed is for the Court to conduct an initial review in accordance with the provisions of Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts to determine if the § 2255 motion is subject to summary dismissal. The Court is unable to make that determination. Instead, it is necessary at this stage to provide notice to Lowe so that he may decide how to proceed.

Movant is **ADVISED** that he may at this juncture withdraw the motion or amend the motion to clarify that he is <u>not</u> seeking relief under 28 U.S.C. § 2255 but rather under 18 U.S.C. § 3582(c)(2). Should Lowe choose this option, he must file the withdrawal of the motion or amend

1

the motion **within 30 days of this order**. Lowe may also elect to proceed with a § 2255 motion. In the event, Lowe should choose to proceed with a § 2255 motion, he must file a recast § 2255 motion to vacate **within 30 days of the date of this order**, in which he must clearly enumerate <u>all</u> his grounds for habeas relief.

If Lowe fails notify the Court of withdraw, amend, or recast his motion as directed above, Lowe risks the current, pending motion being construed as a § 2255 motion, and he will be presumed to have deliberately waived his right to complain of any constitutional errors or deprivations other than those set forth in the original motion. Pursuant to *Castro v. United States*, 540 U.S. 375, 377 (2003), Lowe is also **ADVISED** that if wishes to proceed with a §2255 motion and fails to recast his § 2255 motion, so that his pending motion is characterized as a § 2255 motion, the filing will subject any future § 2255 motion to the restrictive conditions federal law imposes upon second or successive Section 2255 motions. *See* 28 U.S.C. § 2255(h). The Clerk of Court is **DIRECTED** to provide Lowe with a copy of the required § 2255 form petition.

It is further **ORDERED** that the United States Attorney **RESPOND** to the claims raised in Lowe's recast motion, if one is filed, or the original filing, if an amended motion or recast petition is not filed, by filing an answer or other responsive pleading pursuant to Rule 5 of the Rules Governing Section 2255 Proceedings for the United States District Courts within **60 days** of the date of this order.

**SO ORDERED**, this 1st day of March, 2024.

                                                                  s/ Charles H. Weigle
                                                                  Charles H. Weigle
                                                                  United States Magistrate Judge